STEPHEN J. SORENSON, Acting United States Attorney (#3049)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, Ste. 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:05CV 1000TC |
| Petitioner, | : | **REPORT AND RECOMMENDATION** |
| v. | : | |
| DAN L. WOZAB, | : | District Judge Tena Campbell<br>Magistrate Judge Brooke Wells |
| Respondent. | : | |

The United States of America filed a petition to enforce its July 11, 2005 IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). Judge Campbell issued an Order to Show Cause on December 6, 2005, which referred this matter to the undersigned under 28 U.S.C. § 636(b)(3) and directed the undersigned to hear the evidence and make a written recommendation to the District Court for proper disposition. See United States v. Jones, 581 F.2d 816, 817 (10th Cir. 1978) (referring IRS summons enforcement to magistrate judge under 28 U.S.C. § 636(b)(3)).

The Order to Show Cause ("OTSC") directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon him. The OTSC informed Respondent that only those issues raised in the written response and supported by sworn affidavits would be considered by the Court and that all allegations in the Petition not contested by the written response and sworn statements

would be deemed admitted. See United States v. Balanced Fin. Mgmt., Inc., 769 F.2d 1440, 1444 (10th Cir. 1985). The OTSC also directed the undersigned to convene a hearing on January 11, 2006 at 9:00 a.m. to hear any arguments that would assist the undersigned in determining whether Respondent had shown cause.

On December 28, 2005, Respondent submitted a document entitled "Notice of Counterfeit Securities," in which he set forth the reasons that the tax laws of the United States did not apply to him. Specifically, Respondent asserted, among other things, that he

> does not support the federal 51 shadow States that have taken over the de jure state functions of the federal shadow State of Utah. Dan L. Wozab does not live in the federal territory of the Central District of Utah, a federal area created out of thin air by the Buck Act and other legislation that has usurped power and authority from the de jure government.

(Docket No. 4, p. 5 of 8). Additionally, Respondent argued that "the federal income tax is voluntary." (Id.). Respondent's document did not attempt to factually refute the allegations contained in the United States' Petition to Enforce Internal Revenue Summons (Docket No. 1), and provided only legal arguments that the Court of Appeals for Tenth Circuit has rejected as patently frivolous. See, e.g., Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (holding that arguments, like those raised in Respondent's document, are "patently frivolous"). Consequently, Respondent failed to meet his burden to show cause why he should not be compelled to comply with the Summons. See Balanced Fin. Mgmt., 769 F.2d at 1444 ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." (quotations and citations omitted)).

At the January 11, 2006 hearing, the United States argued that Respondent's document failed to show cause why he should not be compelled to comply with the Summons. The undersigned

agreed for the reasons stated above. Respondent then agreed to comply with the Summons by 10:00 a.m. on February 13, 2006. The undersigned scheduled a status conference for March 17, 2006.

On March 14, 2006, Respondent submitted a document entitled "Affidavit of Dan L. Wozab," (Docket No. 10) arguing that IRS never asked him to keep records, and therefore, Respondent did not keep any records. Respondent's argument is without merit. See 26 C.F.R. § 1.6001-1 (requiring "any person required to file a return of information with respect to income" to keep records that are "sufficient to establish" the person's tax liability).

At the March 17, 2006 status conference, the United States argued that although Respondent had supplied some of the documents requested by the Summons, he had failed to produce: (1) copies of bank statements from 1/01/00 to 12/31/04; (2) copies of checks from 1/01/00 to 12/31/04;[1] (3) his logbook and receipts for income that Respondent received while driving a truck from 1/01/00 to 12/31/04; (4) Form 1099 Income report for tax year 2002; and (5) testimony about his holdings and assets. Respondent argued that pursuant to his March 14, 2006 affidavit, he did not have to produce the requested records since the IRS never asked him to keep them. Respondent also argued that he did not show his account information on the checks that he produced because he feared identity theft. The United States responded that Respondent's affidavit was untimely filed according to the terms of the December 6, 2005 Order to Show Cause, and that 26 C.F.R. § 1.6001-1 (2005) requires Respondent to keep records sufficient to determine his tax liability. Further, Respondent's concerns that the IRS would steal his identity are unfounded. See Am-Pro Protective Agency v. United States,

---

[1] The United States recognized that Respondent had supplied copies of checks, but that these checks had all relevant account information redacted therefrom. Consequently, the United States argued, the copies of the checks that Respondent had submitted were of little value to the IRS.

281 F.3d 1234, 1239-41 (Fed. Cir. 2002) (stating that plaintiff must prove by clear and convincing evidence that government acted in bad faith).

Based on the arguments and representations presented in the United States' Petition to Enforce Internal Revenue Summons, the January 11, 2006 hearing, and the March 17, 2006 hearing, the undersigned reports the following:

1. Respondent failed to show cause as to why he should not be compelled to comply with the Summons.

2. Respondent has failed to produce, as required by the Summons: (1) copies of bank statements from 1/01/00 to 12/31/04; (2) copies of checks from 1/01/00 to 12/31/04; (3) his logbook and receipts for income that Respondent received while driving truck from 1/01/00 to 12/31/04; (4) Form 1099 income report for tax year 2002; and (5) testimony about his holdings and assets.

Consequently, the undersigned recommends that:

1. The District Court find that Respondent has failed to show cause why he should not be compelled to comply with the Summons;

2. The District Court order Respondent to provide: (1) copies of bank statements from 1/01/00 to 12/31/04; (2) unredacted copies of checks from 1/01/00 to 12/31/04; (3) his logbook and receipts for income that Respondent received while driving truck from 1/01/00 to 12/31/04; (4) Form 1099 income report for tax year 2002; and (5) testimony about his holdings and assets to the IRS.

3. The District Court order Respondent to provide this information to the IRS no later than five business days after the date on which the District Court adopts this Report and Recommendation.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the

-4-

District Judge to whom this case is assigned shall make a <u>de novo</u> determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 20 day of March 2006.

BY THE COURT:

/s/ Brooke C. Wells
Brooke Wells, Magistrate Judge
United States District Court

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Utah, and that a copy of the foregoing Order was mailed, postage prepaid, this  16th  day of March, 2006 to the following:

Dan L. Wozab
2870 East 3900 South
Salt Lake City, UT 84125

